GREMILLION, Judge,
concurring.
hThe plaintiff appeals the trial court’s grant of summary judgment in favor of the *457 defendant, Safeway. The majority agrees with the plaintiff that summary judgment should not have been awarded, and so do I. However, I cannot agree with all of the reasoning provided by the majority. Thus, I write to concur.
Actually, on- the sole and only issue argued by the parties, the majority agrees with Safeway. The plaintiff seeks to classify what is clearly an “automobile liability policy” as the far more rare animal-known as a “motor vehicle liability insurance policy.” On that basis, the plaintiff seeks to use certain technicalities in the law dealing with a “motor vehicle liability insurance policy” to prevent Safeway from denying coverage. The majority does an excellent job of explaining the frailties of the plaintiffs argument, and it properly concludes not only that the trial court’s denial of the plaintiffs partial motion for summary judgment (on that issue) should be affirmed, but also that it would haye been improper for the trial court to 12deny Safeway’s motion for summary judgment based on that argument. I completely agree.
The real importance of the trial court’s interpretation of the above-discussed insurance rales is that they allow Safeway to avoid coverage if it can prove that the insured made material misrepresentations of fact with the intent of obtaining insurance he would not have otherwise been able to obtain. Louisiana law and jurisprudence sets a very high bar for any insurance company attempting to deny coverage based on a misrepresentation of fact. Specifically, it requires that three things be proven:
1. There must be a false statement;
2. There must be an actual intent to deceive; and
3. The insurance company must have relied on the false statement in- a material way when it issued the policy.
In this case, there is absolutely no dispute that the first 1wo of those three things have been proven. The plaintiff assigned' no error as to those two factors (indeed, the plaintiff assigned no error as to any of three factors). -In brief, the plaintiff never argued that no misrepresentations had been made. On the contrary, she admitted, to those misrepresentations. Furthermore, in oral argument, plaintiffs counsel himself admitted that misrepresentations had been made. In other words, both parties have agreed without equivocation or contradiction that the putative insured did make misrepresentations of fact.
| .¡Despite this agreement between all the parties, and of course, the undisputed evidence in the record, the majority writes that there is a genuine issue of material fact:as to whether these misrepresentations were made. Moreover, the majority finds that none of the material misrepresentation factors were proven, because they were based only on the testimony of one person, and that testimony is “self-serving” and were the majority to accept such testimony, it would be making a “credibility determination” relative to “subjective facts.” The majority is wrong, and I must disagree.
If there were evidence in the record (and there is) that a false statement was made with the intent to deceive, and there were other evidence in the record indicating that no false statement was made (and there is no such evidence), then the majority would be correct. It would be required to make a credibility determination in order to determine, whether those statements were made. In this ease, the evidence is not in dispute. There is no evidence to countervail the relevant and admissible evidence in the record regarding those statements. Thus, not; only is this court allowed to determine that there is no genuine issue of material fact re *458 garding whether or not those statements were made, it is required to make that determination. Thus, the first two elements mentioned above were established and there is no genuine issue of material fact regarding those issues.
DHowever, as an almost purely technical matter, the insurance company failed to put on evidence that it relied to its detriment on those material misrepresentations. While there is evidence in the record that misrepresentations were made with the intent to deceive, there is no evidence in the record that those misrepresentations were, in fact, “material.” Because Safeway submitted nothing into evidence with 'regard to that third element, the burden never shifted to the plaintiff to prove that there was a genuine issue of material fact as to that issue. Summary judgment, therefore, should not have been granted. Accordingly, while I disagree with the majority’s reasoning, I do agree with its result. ■